UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ANTE PERIC, *Pro Se,* ) | Case No.: 1:17 CV 2343 |
| ) | |
| Plaintiff ) | |
| ) | JUDGE SOLOMON OLIVER, JR. |
| v. ) | |
| ) | |
| CUYAHOGA COUNTY, *et al.*, ) | |
| ) | MEMORANDUM OF OPINION |
| Defendants ) | AND ORDER |

*Pro se* plaintiff Ante Peric brings this civil rights action against defendants Cuyahoga County, the City of Strongsville, Joy Peric, Anna Parise, and the City of Strongsville Prosecutor. The statement of claim portion of the Complaint states in its entirety as follows:

> Prosecutor failed to produce the contract therefore lacks standing to pursue prosecution against Ante Peric. Marbury v. Madison, 5 US 137 (1803).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell At. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (2009). A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

Even liberally construed, the Complaint does not contain allegations reasonably suggesting plaintiff might have a valid claim, *see*, *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716 (6th Cir. 1996)(court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief), nor does it set forth a claim over which this court might arguably have subject matter jurisdiction. The Court finds this case is therefore appropriately subject to summary dismissal. *See, Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

Accordingly, this action is dismissed. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

December 6, 2017